UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DOROTHY HOBSON, as personal representative and administrator for the Estate of Kenneth Hobson, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE No.: 2:10-CV-429-TLS |
| ROY DOMINGUEZ, individually and in his official capacity as sheriff of Lake County, Indiana, et al., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 17, 2009, Kenneth Hobson was arrested, charged with misdemeanor disorderly conduct and resisting arrest, and taken to the Lake County Jail, where he was held for sixteen days. Mr. Hobson had various mental and physical health issues. On November 2, 2009, an officer found Mr. Hobson dead in his jail cell. Apparently, Mr. Hobson died of dehydration, and he had been dead for hours when his body was found. His mother, as personal representative and administrator for Mr. Hobson's estate, instituted this action against the sheriff of Lake County, Indiana, the former warden of the Lake County Jail, and more than a dozen other Defendants. This matter is before the Court on a Motion to Dismiss [ECF No. 22], filed by Dr. Pierce on January 1, 2011.[1]

---

[1] The First Amended Complaint identified Dr. Pierce as Dr. H. Pierce. In his Motion to Dismiss, Dr. Pierce states that he is incorrectly sued as Dr. H. Pierce and that he is properly identified as William J. Pierce, M.D.

## PROCEDURAL BACKGROUND

On October 28, 2010, the Plaintiff filed her Complaint [ECF No. 1]. On November 16, she filed her First Amended Complaint [ECF No. 7] in which she named the following Defendants: Roy Dominguez, individually and in his official capacity as sheriff of Lake County, Indiana; Bennie Freeman, individually and in his official capacity as former warden of the Lake County Jail; Christopher McQuillin, individually and in his supervisory capacity as director of the jail's medical operations; jail deputy warden Jennifer Malanshek; jail deputy warden Craig Ponton; jail lieutenant Haley; jail sergeant S. McDaniel; jail officer Cathy Krieg; Manuel Barragan; Dr. Anthony; Patti Kerr; Dr. Pierce; Med-Staff, Inc.; Edgewater Systems for Balanced Living; unknown jail employees and supervisors; unknown employees and supervisors of Med-Staff, Inc.; and unknown employees and supervisors of Edgewater Systems for Balanced Living. The Amended Complaint alleges that Dr. Pierce is jail contract staff and is being "sued in [his] individual capacit[y] for [his] violations of federal law as described below." (Am. Compl. ¶ 38.) In the Amended Complaint, the Plaintiff sets forth ten counts. In the following counts, the Plaintiff asserts claims pursuant to 42 U.S.C. § 1983: Count I, alleging violations of the Fourth Amendment to the United States Constitution; Count II, alleging violations of constitutional rights; Count III, alleging violations of constitutional rights; Count IV, alleging excessive and unlawful detention. In the following counts, the Plaintiff asserts claims under state law: Count V, alleging wrongful death; Count VI, asserting a survival action; Count VII, alleging false imprisonment; Count VIII, alleging negligence; Count IX, alleging intentional infliction of emotional distress; and Count X, asserting indemnification.

On January 7, 2011, Defendant Pierce filed a Motion to Dismiss [ECF No. 22] and a Memorandum in Support [ECF No. 23]. On January 21, the Plaintiff filed a Response [ECF No. 24], and on January 31, Defendant Pierce filed a Reply [ECF No. 26]. This Motion is fully briefed and ripe for ruling.

**STANDARD OF REVIEW**

When analyzing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which challenges the sufficiency of a complaint to state a claim for relief, the Court construes the complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A claim withstands a motion to dismiss only if the complaint includes enough facts to render the claims facially plausible, not just conceivable. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). A plaintiff is obligated to provide the "grounds" of his "entitlement to relief," which requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo*, 526 F.3d at 1086; *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**DISCUSSION**

As to Counts I to IV, Defendant Pierce argues that the Plaintiff has failed to state any claim against him upon which relief can be granted because she has failed to allege facts suggesting that Dr. Pierce personally acted with deliberate indifference. As to Counts V to X, Defendant Pierce, a qualified healthcare provider, argues that the Plaintiff has not obtained a medical review panel opinion as the Indiana Medical Malpractice Act requires and that the Plaintiff may not proceed against him with these state-law claims. The Plaintiff responds that she has adequately pled Defendant Pierce's violations of Mr. Hobson's constitutional rights and that Defendant Pierce mistakenly construes the Plaintiff's Amended Complaint "as alleging state law claims against him." (Pl.'s Resp. 10.) The Plaintiff adds: the "Plaintiff has adequately pled constitutional claims against Dr. Pierce[, and] the Indiana malpractice act has no effect on the claims against Defendant Pierce." (*Id.*, quoting Paragraph 38 of the Amended Complaint (stating that "Lake County Jail contract staff MANUEL BARRAGAN, DR. ANTHONY, PATTI KERR, and DR. H. PIERCE are sued in their individual capacities for the violations of federal law as described below.").)

Beginning with Counts V to X, the Court understands the Plaintiff to acknowledge that her Amended Complaint does not allege state-law claims against Dr. Pierce, only claims arising under federal law.[2] The Court also notes that the Amended Complaint does not include enough

---

[2] The Plaintiff asserts that Defendant Pierce has mistakenly construed the Plaintiff's Amended Complaint to allege state-law claims against him, but it is the Amended Complaint that lacks clarity and creates confusion. Counts V to X refer variously to the "Jail Defendants," the "above-listed Defendants," and the "Defendants." However, the Amended Complaint never defines which Defendants are included in the term "Jail Defendants," and the allegations in the Amended Complaint sweep very broadly. Indeed, from the face of the Amended Complaint, it appears that the Plaintiff intended to assert all ten counts

4

facts related to Defendant Pierce to render the state-law claims facially plausible. Accordingly, the Court will grant Defendant Pierce's Motion to Dismiss as to Counts V to X of the Amended Complaint.[3]

With Counts I to IV, the Court agrees that the Plaintiff has failed to state any claim against Defendant Pierce upon which relief can be granted. The Amended Complaint fails to provide a factual basis alleging that Dr. Pierce personally acted with deliberate indifference or was otherwise personally involved in any way with the care of Mr. Hobson. Indeed, the Amended Complaint is virtually bare of factual allegations related to Defendant Pierce. It alleges that Defendant Pierce had some sort of contractual relationship with the jail, but there are no allegations stating that Defendant Pierce was under contract during the relevant period, specifying what his role and duties were, suggesting that Defendant Pierce saw, examined, evaluated, or treated Mr. Hobson, or indicating that Defendant Pierce was in any way involved in Mr. Hobson's care. The Amended Complaint broadly asserts:

> As described above, [the] Defendants were on notice of Mr. Hobson's serious mental and medical health issues and of rapidly deteriorating condition, both through Mr. Hobson's family and through observation of his symptoms, and the treatment that [the] Defendants could and should have procured and/or provided to Mr. Hobson was straightforward and accessible, but [the] Defendants failed to provide Mr. Hobson with any such lifesaving treatment.

(Am. Compl. ¶ 40.) However, as to Defendant Pierce, this naked assertion is "devoid of further factual enhancement" anywhere in the Amended Complaint. *Iqbal*, 129 S. Ct. at 1949. There are

---

against Defendant Pierce.

[3] With his Memorandum in Support, Defendant Pierce submitted an Affidavit of Brandi Tracey [ECF No. 23-1], an employee of the Indiana Department of Insurance in the Medical Malpractice Division. Because of the Plaintiff's concession as to Counts V to X, the Court will exclude and not consider the Affidavit.

no factual allegations in the Amended Complaint regarding Defendant Pierce's knowledge of Mr. Hobson or his condition, Defendant Pierce's communication with Mr. Hobson's family, or Defendant Pierce's observation of Mr. Hobson's symptoms. In other words, there are no factual allegations suggesting Defendant Pierce's direct, personal involvement in any provision of care or failure to provide care to Mr. Hobson. Under Seventh Circuit precedent, "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (quotation marks and citations omitted). Consequently, the Court concludes that, as regards Defendant Pierce, the Amended Complaint fails to plead facts suggesting that a right to relief is anything more than speculative. Accordingly, the Court will grant Defendant Pierce's Motion to Dismiss as to Counts I to IV of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Pierce's Motion to Dismiss [ECF No. 22] and ORDERS the Clerk of this Court to DISMISS the Plaintiff's claims against Defendant Pierce. The Plaintiffs' claims remaining pending against the other Defendants.

SO ORDERED on June 30, 2011.

                                                    s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT