UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOROTHY HOBSON, as personal representative and administrator for the Estate of Kenneth Hobson,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>ROY DOMINGUEZ, individually and in his official capacity as sheriff of Lake County, Indiana, et al.,<br>　　　　Defendants. | CAUSE NO.: 2:10-CV-429-TLS-PRC |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Rule 37(d) Motion for Sanctions Against Defendant Daryl Brown [DE 175], filed by Plaintiff Dorothy Hobson, as personal representative and administrator for the Estate of Kenneth Hobson, on October 15, 2012. Defendant Daryl Brown filed a Response on November 16, 2012, and Plaintiff filed a Reply on November 24, 2012.

On October 25, 2012, District Court Judge Theresa L. Springmann entered an Order [DE 178] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this lawsuit on October 28, 2010, alleging federal claims under 42 U.S.C. § 1983 and state law claims against seventeen defendants to seek redress for her son's death while in

the custody of the Lake County Jail. On November 16, 2010, Plaintiff filed an Amended Complaint against the original defendants. At the time of those filings, Plaintiff did not know the identities of most of the correctional officers against whom she sought to bring her complaint. After engaging in initial discovery, Plaintiff amended her complaint again on October 28, 2011, to name as defendants, among others, thirteen previously unidentified correctional officers, including Defendant Daryl Brown. Plaintiff has sued correctional officer Daryl Brown in his individual capacity only.

Counsel entered his appearance on behalf of Brown and several other correctional officers on November 29, 2011. That same date, Brown, by counsel, filed an Answer to the Complaint.

Plaintiff issued a first set of written discovery to Brown on February 2, 2012. Plaintiff also issued a Second Set of Requests for Production to All Defendants (including Brown), and a Second Set of Interrogatories to all Defendants (including Brown), on February 2, 2012.

On February 23, 2012, Plaintiff noticed Defendant Brown's deposition for April 4, 2012. On March 22, 2012, having failed to receive any discovery responses from the recently-named correctional officer defendants, including Defendant Brown, counsel for Plaintiff contacted Brown's attorney. Counsel for Brown stated that he was encountering difficulties in reaching his clients (the correctional officers) and asked for an additional four days in which to provide Plaintiff with the discovery responses. Counsel for Plaintiff agreed.

On April 4, 2012, Plaintiff's counsel spoke with Brown's counsel about the status of all his client's discovery responses, which had not yet been produced. Brown's counsel advised that he was continuing to gather responses. On April 6, 2012, counsel for Plaintiff had another conversation with Brown's counsel about the overdue discovery responses of his clients. In that conversation, Brown's counsel informed Plaintiff's counsel that Brown was no longer working for the Lake

2

County Jail but that he would contact Brown for responses to Plaintiff's outstanding discovery requests.

On April 23, 2012, Plaintiff re-noticed several of the defendants' depositions, including the deposition of Brown. Pursuant to that deposition notice, Brown's deposition was rescheduled to May 10, 2012. On May 1, 2012, Plaintiff's counsel spoke with counsel for Brown to confirm the defendants' deposition dates. Brown's counsel indicated that, because he had not yet located Brown, he did not anticipate being able to produce him for deposition on May 10. Counsel confirmed, however, that he was continuing to represent Brown in the lawsuit, and that he was doing everything in his power to locate his client. Accordingly, Plaintiff's counsel asked Brown's counsel to update her as soon as he located Brown, because the discovery responses were long overdue and Plaintiff intended to depose him. Over the next several months, Plaintiff's counsel and Brown's counsel had a number of conversations regarding Defendant Brown. Brown's counsel repeatedly informed Plaintiff's counsel that he was making his best efforts to reach Brown, including (if necessary) by hiring an investigator, and he expressed frustration at his client's apparent disappearance.

On September 6, 2012, Brown's counsel reported that he believed he had located Brown. Brown's counsel shared Plaintiff's counsel's frustrations with the delays in his client's responses, and he informed the undersigned that, if he did not hear back from Brown within the week, he would consult the Lake County attorney, John Dull, to explore whether he should withdraw as Brown's counsel. In the meantime, Brown's counsel agreed to produce Brown's personnel file and training records to Plaintiff. Since that time, Plaintiff's counsel has continued to check in with Brown's counsel regarding Defendant Brown's whereabouts and status. Plaintiff's counsel has stood ready

to depose Brown as soon as he made himself available. However, it appears that Brown's whereabouts continue to be unknown.

The discovery period closed on October 31, 2012.

**ANALYSIS**

In her motion, Plaintiff asks the Court to enter a sanction of default judgment against Defendant Daryl Brown for his ongoing refusal to participate in this litigation and for his repeated thwarting of his own counsel's efforts to answer discovery requests and make Brown available for his deposition. In support, Plaintiff cites Federal Rule of Civil Procedure 37(d), which provides:

> (**d**) **Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
> (**1**) *In General.*
> (A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:
> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> (B) *Certification*. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(d)(1).[1] Rule 37(d)(3) provides that the sanctions available include any of the orders listed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi), which are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[1] Federal Rule of Civil Procedure 5(b)(1) provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1).

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party;

*See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Thus, Plaintiff asks the Court to enter the sanction of default judgment under Rule 37(b)(2)(A)(vi) for Brown's violations of Rule 37(d)(1)(A)(i) and (ii). The sanction of default judgment is a drastic one. *Evans v. City of Chi.*, 513 F.3d 735, 743 (7th Cir. 2008); *Rice v. City of Chi.*, 333 F.3d 780, 785-86 (7th Cir. 2003). To impose such a sanction, the Court must make a finding of willfulness, bad faith, or fault by clear and convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003) (noting that bad faith, willfulness, or fault is required only "when dismissals are used specifically as a discovery sanction"); *see also Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (upholding dismissal under Rule 37(d) as a sanction for a party's failure to appear for a deposition after being served with proper notice);[2] *Winters v. City of West Lafayette*, 4:11-CV-49-PPS, 2012 WL 5947790, *1 (N.D. Ind. Nov. 27, 2012); *but see Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) ("We have not resolved definitively whether a finding of willfulness must be premised on clear and convincing evidence or simply a preponderance."). Bad faith exists when a party intentionally or recklessly disregards its obligations to comply with a court order. *Rice*, 333 F.3d at 785. The Court may impose such a sanction "as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468. Notably, the

---

[2] This standard is different than the standard when dismissal is based on a want of prosecution or failure to comply with orders of the court, in which case the standard is "that an action may be dismissed only when there is a 'clear record of delay or contumacious conduct, or prior failed sanctions.'" *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

5

Seventh Circuit Court of Appeals "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Default judgment is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

Brown has violated his discovery obligations as a party to this case, failing both to answer any of Plaintiff's discovery requests and to appear for his duly noticed deposition. Brown was on notice that he was a defendant in this lawsuit; he filed an Answer to the Complaint on November 29, 2011. Brown continued to work at the Lake County Jail alongside other defendant correctional officers and administrators for nearly five months after being named a defendant in this lawsuit. Counsel for Plaintiff opines that "[t]here is also no doubt that [Brown's attorney] has at all times acted in good faith in trying to get Defendant Brown to comply with his discovery obligations in this litigation." Pl. Br., p. 4.

Brown's response brief does not contest the factual background regarding his failure to respond to Plaintiff's written discovery requests, his failure to appear at his properly noticed deposition, or his apparent evasion of his own attorney. Brown does not dispute Plaintiff's representations of Brown's counsel's efforts to gain his client's cooperation nor has Brown denied that he has been anything but uncooperative. In fact, Brown does not address these facts or the basis for the request for default judgment in his response brief. Moreover, Brown offers no argument or evidence that his behavior was inadvertent, isolated, or careless. *See Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992). Counsel for Plaintiff was diligent throughout discovery in attempting to obtain Brown's discovery responses and to schedule his deposition to no avail. Counsel for Plaintiff repeatedly and timely followed up with Brown's counsel. Thus, the

Court finds that Brown has displayed a pattern of behavior demonstrating that he has failed to participate to any extent in the discovery process. The Court also finds that Brown's dilatory conduct, including the alleged months-long avoidance of his own counsel, has prejudiced Plaintiff in her ability to prosecute her case against him as she is entitled to discovery from Brown himself.

Nevertheless, the Court cannot say on the evidence presented that Brown intentionally or recklessly disregarded his obligations to participate in discovery in this case. Although Plaintiff's counsel has painted an unrefuted picture of her contacts with Brown's counsel and his representations regarding his attempts to contact Brown, there is not complete evidence of record as to the nature or extent of those attempts, nor is there any evidence of record that Brown's counsel was able to reach him. A September 6, 2012 email from Plaintiff's counsel to Brown's counsel memorializes that Brown's counsel believed he had located Brown in Memphis, Tennessee, had sent him a letter via certified mail on September 5, 2012, and would consult the Lake County attorney about withdrawing his appearance on behalf of Brown if he had not heard from Brown by the following Monday. *See* Pl. Br., Exh. E. However, Brown's counsel has not filed a motion to withdraw his appearance. There also is no evidence of record that Brown has been purposefully evading this lawsuit since he left the employment of the Lake County Jail approximately five months after he was named as a defendant in this case. As a result, the Court finds that the present record does not support a finding of bad faith, willfulness, or fault, and the sanction of default judgment is not warranted.

However, a lesser sanction is appropriate and will cure the prejudice to Plaintiff. Specifically, prohibiting Brown from supporting or opposing any claims or defenses or from introducing any matters in evidence is an appropriate sanction provided for under Rule 37(b)(2)(ii)

7

for Brown's failure to provide any written discovery responses and to appear for his deposition. This sanction effectively precludes Brown from participating in his defense, including by preventing him from bringing a dispositive motion, from defending a dispositive motion, and from mounting a defense in the form of argument or evidence to the trier of fact at trial.

The Second Amended Complaint brought against Brown does not identify specifically any actions or inactions by Brown related to Mr. Hobson's death. It would seem that any significant role Brown may have played in Mr. Hobson's death would have become apparent through the extensive discovery conducted in this litigation. At the time Plaintiff filed the instant motion, discovery had closed for all intents and purposes, yet the only facts Plaintiff offers in support of the motion to connect Brown to Mr. Hobson's death are that Brown worked on the same floor where Mr. Hobson died and that Brown told a co-defendant of Mr. Hobson's death. Plaintiff will have an opportunity to present the evidence she has against Brown, which he will be precluded from refuting.

The Court also finds this lesser sanction more appropriate given the number of defendants, and more specifically the number of defendant correctional officers, and the absence of any specific details linking Brown to Mr. Hobson's death at this stage of the litigation. Plaintiff's Second Amended Complaint alleges that all of the defendants violated her son's constitutional rights and caused his death while he was detained at the Lake County Jail. Plaintiff acknowledges that it is possible, indeed likely, that judgment will be entered against some, but not all, of the defendant correctional officers and argues that those judgments would not be inconsistent. There is also the possibility of a finding of no liability on the part of any of the other defendants, or perhaps a finding of no liability on the part of any correctional officer but rather only on the part of some entity defendant. Although the claims against the correctional officers do not rise and fall as one, there

is the possibility that the other defendants may, in the course of defending against the claims, demonstrate that no liability lies with one or more or all defendants or offer evidence affecting the assessment of the amount of damages.

Next, the Court considers Brown's primary argument in his response brief that, because he was not properly served with the summons and Second Amended Complaint, the Court does not have personal jurisdiction over him.[3]  "Valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.22d 297, 301 (7th Cir. 1991) (citing *Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir. 1966)); *see also United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).  The service requirement is not satisfied merely because a defendant has knowledge of the ongoing litigation. *Mid-Continent Wood Prods., Inc.*, 936 F.3d at 300-01.

Federal Rule of Civil Procedure 4(e), governing service of process on an individual, provides that

> an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Indiana Trial Rule 4.1(A) provides:

---

[3] Although Brown references personal jurisdiction in the context of arguing insufficient service of process, he makes no argument that the Court lacks personal jurisdiction over him based on his contacts with the forum.

9

> Service may be made upon an individual, or an individual acting in a representative capacity, by:
> > (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> > (2) delivering a copy of the summons and complaint to him personally; or
> > (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> > (4) serving his agent as provided by rule, statute or valid agreement.

Ind. Tr. R. 4.1(A).

On November 16, 2011, Plaintiff's process server, Larry Biela, delivered to the Lake County Jail the summons and Second Amended Complaint that had been issued for Daryl Brown, who at that time continued to be a correctional officer at the Lake County Jail. On November 16, 2011, Mark Purevich, an independent contractor employed by the Lake County Sheriff to provide consulting services for special projects at the Lake County Jail, was handed, by Biela, among numerous documents, the summons and Second Amended Complaint for Brown. Purevich never personally gave Brown a copy of the summons and Second Amended Complaint. Purevich is not and has never been an authorized agent of Brown to accept service of process. Purevich took all the Second Amended Complaints and summons that he signed for on November 16, 2011, and placed them on the receptionist desk. Based on these facts, Brown argues that he never received valid service of process.

Federal Rule of Civil Procedure 12(b) sets forth the mechanism by which a party may challenge service of process, *see* Fed. R. Civ. P.12(b)(5), and lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2). Rule 12(b) provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following

defenses by motion: . . . (2) lack of personal jurisdiction; . . . (5) insufficient service of process." Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 12(h)(1)(B) provides: "A party waives any defense listed in Rule 12(b)(2)-(5) by failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B). On November 29, 2011, counsel entered an appearance on behalf of Brown, and, that same date, Brown filed an Answer to the Complaint. Brown did not assert the defenses of insufficient service of process or lack of personal jurisdiction in his Answer. Nor has Brown filed a Rule 12 motion based on either 12(b) defense at any point in this litigation. Thus, pursuant to Federal Rule of Civil Procedure 12(h), Brown waived these defenses. *See* Fed. R. Civ. P. 12(h)(1)(B); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (recognizing the waiver of Rule 12(b)(2)-(5) defenses under Rule 12(h)); *Secs. & Exch. Comm'n v. Cherif*, 933 F.2d 403, 416 (7th Cir. 1991) ("It is axiomatic that a party waives a defense of insufficiency of process by failing to assert it seasonably in a motion or his first responsive pleading.").

Finally, Federal Rule of Civil Procedure 37(d)(3) provides that, instead of or in addition to, the sanctions available in Rule 37(b)(2)(A)(i)-(vi), the Court "must order the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Because Brown has offered no justification for failing to participate in discovery, the Court finds that Brown must pay all related and reasonable costs incurred by Plaintiff, including attorney's fees, as provided for under Rule 37(d)(3).

**CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** with relief different than requested Plaintiff's Rule 37(d) Motion for Sanctions Against Defendant Daryl Brown [DE 175] and order that Defendant Daryl Brown be prohibited from supporting or opposing any claims or defenses or from introducing any matters in evidence, including presenting any argument or evidence in his defense either to the Court by dispositive motion or to a finder of fact at trial. The Court further recommends that the District Court order Brown (not his attorney) to pay the reasonable costs incurred by Plaintiff in filing the present motion.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 12th day of December, 2012.

       s/ Paul R. Cherry
       MAGISTRATE JUDGE PAUL R. CHERRY
       UNITED STATES DISTRICT COURT

cc:    All counsel of record