**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

DOROTHY HOBSON, as personal     )
representative and administrator for the     )
Estate of Kenneth Hobson,     )
    )
    Plaintiff,     )
    )
    v.     )     CAUSE NO.: 2:10-CV-429-TLS
    )
ROY DOMINGUEZ, individually and in     )
his official capacity as sheriff of Lake     )
County, Indiana, *et al.*,     )
    )
    Defendants.     )

**ORDER**

This matter is before the Court on the Report and Recommendation [ECF No. 202] of

United States Magistrate Judge Paul R. Cherry, which was filed on December 12, 2012. In his

Report and Recommendation, Judge Cherry recommends that the Court grant the Plaintiff's Rule

37(d) Motion for Sanctions Against Defendant Daryl Brown [ECF No. 175] but deny the specific

sanction requested in the Motion. Instead of granting a default judgment against Defendant

Brown under Federal Rule of Civil Procedure 37(b)(2)(A)(vi), Judge Cherry recommends that

the Court prohibit Defendant Brown from supporting or opposing designated claims or defenses,

or from introducing designated matters in evidence, in accordance with Rule 37(b)(2)(A)(ii).

This Court's review of a magistrate's report and recommendation is governed by 28

U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

The statute permits objections to the magistrate's report and recommendations to be made within fourteen days of service of a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a magistrate's report and recommendation and the district court's resolution of any objections). As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed.

The Court has reviewed Judge Cherry's Report and Recommendation, and finds that it is well taken. The Plaintiff's Motion sets forth in detail the extensive efforts she made to contact Defendant Brown through his attorney, and his apparent evasion of his attorney. The Plaintiff named Defendant Brown as a party to this action in her Amended Complaint [ECF No. 68], filed on October 28, 2011. Counsel for Defendant Brown entered an appearance and filed an Answer on his behalf on November 29. In February 2012, the Plaintiff issued interrogatories to Defendant Brown and scheduled his deposition for April. Through counsel, the Plaintiff attempted to coordinate with Defendant Brown but his counsel stated that he was unable to contact his client. Thereafter, Defendant Brown failed to appear for his deposition, failed to appear for his re-scheduled deposition, and failed to respond to properly-served interrogatories. The Plaintiff attempted to coordinate with counsel for Defendant Brown over the course of more than six months. Counsel for Defendant Brown communicated his continuing efforts to contact his client, and the Plaintiff does not suggest that Defendant Brown's counsel acted in bad faith. The Plaintiff reports that Defendant Brown continued his employment as a correctional officer at the Lake County Jail until April 2012.

The Plaintiff now requests a default judgment under Rule 37(b)(2)(A)(vi), a sanction

specifically authorized under Rule 37(d)(3) for these omissions. Defendant Brown, appearing by counsel,[1] notes that a default judgment "is a harsh sanction which should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)). Defendant Brown also argues that he was never properly served with process in this action, and thus cannot be held responsible for the level of wilful action necessary to substantiate a default judgment. Defendant Brown argues, finally, that entry of a default judgment in this multi-defendant litigation "could result in inconsistent judgments," and that entry of a default judgment prior to an adjudication of the merits as to the non-defaulting defendants is therefore improper. *See State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312-PPS, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010) (quoting *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990)).

Judge Cherry found, as the Plaintiff argued, that Defendant Brown waived any objection to personal jurisdiction or service of process by not raising such defenses in his Answer and by not filing a Rule 12(b) motion to dismiss on either of those grounds. *See* Fed. R. Civ. P. 12(h); *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (discussing waiver under Rule 12(h)). The Court agrees with this determination that Defendant Brown has waived his arguments relating to personal jurisdiction and insufficient service of process.

Judge Cherry also found that the Plaintiff had failed to show the level of "willfulness, bad faith, or fault" necessary to support a sanction of default judgment under Rule 37. *See Maynard*

---

[1]It appears that Defendant Brown's whereabouts are still unknown.

*v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003). In spite of the long record of Defendant

Brown's counsel failing to make contact with his client, Judge Cherry pointed out that the only

allegations the Plaintiff makes concerning Defendant Brown's involvement in the death of her

son in the Lake County Jail are that he worked on the floor where Mr. Hobson died on

November 2, 2009, and that he informed one of the other Defendants in this lawsuit about Mr.

Hobson's death. Finding that the Plaintiff has failed to show that Defendant Brown is

purposefully avoiding this litigation, Judge Cherry instead recommended a lesser sanction under

Rule 37(b)(2)(A)(ii). That Rule allows a Court to prohibit "the disobedient party from supporting

or opposing designated claims or defenses, or from introducing designated matters in evidence."

Judge Cherry recommends that this Court completely prohibit Defendant Brown's participation

in his defense, "including by preventing him from bringing a dispositive motion, from defending

a dispositive motion, and from mounting a defense in the form of argument or evidence to the

trier of fact." (Report & Recommendation 8, ECF No. 202.)

The Court agrees that this is an appropriate sanction, given Defendant Brown's absence

from the case at this point. The Plaintiff is correct that granting a default judgment against

Defendant Brown would not necessarily yield inconsistent verdicts with respect to different

Defendants. *See Nokes*, 2010 WL 679057, at *3 (declining to grant a default judgment because it

would have allowed for inconsistent judgments with respect to an insurance company's duty to

indemnify). However, Defendant Brown is correct that granting a default judgment against him

could lead to an inappropriate outcome. Because the only evidence against Defendant Brown at

this point is that he worked on the floor where Mr. Hobson died and that he informed a co-

Defendant about Mr. Hobson's death, entry of a default judgment against Defendant Brown now could result in complete liability falling on Defendant Brown if the jury finds that the Plaintiff's evidence does not substantiate her claims at trial. Under the circumstances of this case, the Court finds that it is more appropriate to prevent Defendant Brown from participating in his defense in the form of filing or responding to dispositive motions or at trial. This is an appropriate sanction under Rule 37(b)(2)(A)(ii), and the Court finds it is warranted by Defendant Brown's failure to attend his deposition or respond to interrogatories, thus prejudicing the Plaintiff's ability to bring her case.

Given this finding, under Rule 36(d)(3), it is also appropriate for Defendant Brown to pay reasonable attorneys fees caused by his failure to appear at his deposition and to respond to interrogatories because he has not demonstrated a substantial justification for his failures.

Having reviewed the Report and Recommendation prepared by Judge Cherry, the Court: 1) GRANTS IN PART and DENIES IN PART the Rule 37(d) Motion for Sanctions [ECF No. 175]; 2) ADOPTS the Report and Recommendation [ECF No. 202] in its entirety; and 3) ACCEPTS the recommended disposition. The Court ORDERS that Defendant Daryl Brown is prohibited from supporting or opposing any claims or defenses or from introducing any matters in evidence, including presenting any argument or evidence in his defense either to the Court by dispositive motion or to a finder of fact at trial. The Court further ORDERS that Defendant Daryl Brown pay the reasonable costs incurred by the Plaintiff in filing the Rule 37(d) Motion for Sanctions pursuant to Rule 37(d)(3).

SO ORDERED on May 3, 2013.

s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION