UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOROTHY HOBSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:10-CV-429 RLM |
| ) | |
| ROY DOMINGUEZ, et al., ) | |
| ) | |
| Defendants ) | |

MEMORANDUM OF SCHEDULING CONFERENCE and
ORDER CONCERNING PRETRIAL CONFERENCE AND TRIAL

A telephonic scheduling conference was held in this cause on February 27, 2015. The plaintiff was represented by Elizabeth Wang; defendants Ray Dominguez, Bennie Freeman, and Christopher McQuillan were represented by John Kopack; Lake County Sheriff John Buncich was represented by John Bushemi; the medical defendants were represented by Caleb Johnson; and Casey McCloskey represented the Lake County Jail officers.

Following discussion, the court DIRECTED counsel for the plaintiff to prepare and file the proposed final pretrial order by **August 20, 2015**, with the exchange of the parties' contentions and witness and exhibit lists to be made consistent with Federal Rule of Civil Procedure 26(a)(3); SET a final pretrial conference for **1:00 p.m. (E.D.T.) on August 27, 2015** in the third floor courtroom in South Bend; and SCHEDULED a 10-day jury trial to commence at **9:30 a.m. (C.D.T.) on September 15, 2015** in Hammond.

# ORDER CONCERNING DISPOSITIVE MOTIONS, PRETRIAL CONFERENCE, and TRIAL

1.  Dispositive motions.

    A.  Hearing. At a hearing on a summary judgment motion, you should expect the judge to be familiar with the case and the briefs. The judge usually begins a hearing on a dispositive motion by informing the parties how he would rule on the motion in the absence of oral argument, and why. The judge then invites argument directed to the proposed ruling.

2.  Trial.

    A.  Deadlines.

    1. At least 21 days before the final pretrial conference, copies of all exhibits must be provided to opposing counsel (please note that this deadline does not involve filings with the court).

    2. The following are due at least 14 days before the final pretrial conference:

    (a) any evidentiary objections to another party's expert witness [see ¶ C(2)(b)];

    (b) the plaintiff's trial brief [see ¶ D(2)]; and

    (c) proposed jury instructions and voir dire questions [see ¶ E(1)], together with submission via e-mail to chambers [see ¶ E(4)].

    3. The following are due at least 7 days before the final pretrial conference:

    (a) opposing parties' trial briefs [see ¶ D(3)];

    (b) objections to proposed jury instructions and voir dire questions [see ¶ E(2)];

    (c) motions in limine [see ¶ G]; and

    (d) any supplemental memoranda concerning objections to portions of depositions [see ¶ H].

4. <u>At least 2 days before the final pretrial conference</u>, counsel shall file any supplementary trial brief [see ¶ D(4)].

These deadlines for the pretrial conference are established to enable the court to conduct the final pretrial conference in an informed, productive manner. These deadlines may differ from similar, earlier orders issued by this judge or by other judges of this court. Many provisions in earlier orders have been removed; a few others have been added; timing of events differs. The pretrial deadlines are not meant to be burdensome or to "encourage" settlement by making trial preparation more difficult. They are meant to enable the judge to be fully prepared to preside over the trial of this case.

B. <u>Purposes of the Final Pretrial Conference</u>.

The court views the pretrial conference as the first day of trial. At the pretrial conference, the court may:

(1) discuss with specificity the substance of the testimony of witnesses who will testify;

(2) discuss potential stipulations of fact;

(3) discuss the issues to be tried and any issues that may be removed from the case;

(4) discuss elimination of unnecessary witnesses and exhibits;

(5) discuss the precise length of trial;

(6) review jury selection procedures; and

(7) to the extent feasible, rule on motions in limine and objections to exhibits (see ¶¶ F and G concerning the pre-conference submission of objections and motions in limine).

C. Witness Lists.

1. Non-Expert Witnesses. The pretrial order must set forth the names, addresses, and occupations of all witnesses any party intends to call. No separate list need be filed with respect to non-expert witnesses.

2. Expert Witnesses.

(a) Expert Witness List. Expert witnesses shall be disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2) and the scheduling order entered pursuant to Federal Rule of Civil Procedure 16(b).

(b) Objection as to Qualifications. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, must be filed at least fourteen days before the final pretrial conference. Failure to file such objections will be deemed a waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

D. Trial Briefs.

1. Requirement of Filing. Trial briefs must be filed and served on all other parties. A trial brief is most helpful if it identifies the issues to be tried and addresses the elements of the claim(s) involved in the action, evidentiary questions and any other legal issues reasonably anticipated to arise at trial. A trial brief that indicates the anticipated testimony of each witness expected to be called will expedite the final pretrial conference.

2. Plaintiff's Trial Brief. The plaintiff's trial brief must be filed at least fourteen days before the final pretrial conference.

3. Opposing Parties' Trial Briefs. Opposing parties' trial briefs must be filed at least seven days before the final pretrial conference.

4. <u>Supplemental Briefs</u>.  Any party that deems it necessary may file a supplemental brief at least two business days before the final pretrial conference.

    E.    <u>Jury Instructions and Voir Dire Questions</u>.

1. <u>Filing with the Court</u>.  At least fourteen days before the final pretrial conference, each side must file any proposed jury instructions (identifying the source and/or supporting authority for each proposed instruction) and proposed voir dire questions. The court will conduct the bulk of the voir dire, but if both sides wish, the court also will allow each side ten minutes for attorney-conducted voir dire. The court recommends, but does not require, that counsel confer about the instructions before this deadline; such discussion may allow all counsel to prepare fewer proposed instructions, saving attorney time, client expense, and court time. Counsel are urged to consult the Seventh Circuit's Pattern Civil Jury Instructions. The court's standard instructions on burden of proof, credibility of witnesses, deliberations, etc., are attached to this order.

2. <u>Objections to Proposed Jury Instructions</u>.  Any written objections to jury instructions and/or voir dire questions proposed by other parties must be filed at least seven days before the final pretrial conference. To preserve any claim of error under Rule 51 of the Federal Rules of Civil Procedure, the court will, on the record, deem the parties' objections to the instructions renewed at the close of the evidence and again before the jury retires to deliberate its verdict.

3. <u>Additional Instructions at Trial</u>.  If any party finds it necessary to file additional requested instructions due to the development of unanticipated issues, trial counsel shall so inform the court and opposing counsel as early as possible.

4. <u>Additional Electronic Submission</u>.  Proposed jury instructions shall be submitted via e-mail to chambers (Miller_chambers@innd.uscourts.gov) in Word Perfect or Word format, as well being filed electronically, unless the court waives this requirement upon a party's request.

F.   Exhibits.

1. Disclosure to Opposing Counsel.  At least twenty-one days before the final pretrial conference, each side must assemble all exhibits that may be introduced in evidence at the trial (including any deposition exhibits that may be offered at trial) and all other demonstrative or illustrative items that may be used at trial, and make copies of each item available to other counsel. Any exhibit not disclosed at that time cannot be used at the trial for any purpose other than impeachment or refreshing recollection. Relief from this prohibition will be afforded only upon a showing that the need for the exhibit could not reasonably have been foreseen by the time fixed for its production (twenty-one days before the final pretrial conference); even then, disclosure of the exhibit to all other parties and the court is required as soon as the need for the exhibit is known. This requirement is in addition to the disclosure requirements of Federal Rule of Civil Procedure 26(a)(3).

2. Objections to Exhibits.  The timing of objections to exhibits is governed by Federal Rule of Civil Procedure 26(a)(3) and the scheduling order entered in this case pursuant to Federal Rule of Civil Procedure 16(b). Written objections shall be supported with appropriate memoranda citing points and authorities.

3. Exhibits at Trial.

(a) Evidence Binders.  Copies of all exhibits that may be introduced in evidence shall be assembled into binders, marked by number or letter (plaintiff's exhibits should be marked by numbers, and defendants' exhibits by letters), and set apart by dividers within the binder. You must produce two such binders at trial: one for the court and one for opposing counsel.

(b) Presentation of Exhibits.  The court highly recommends the use of its digital exhibit display system in questioning witnesses

about exhibits. Counsel may, alternatively, produce an exhibit binder with the original exhibits for the witnesses.

    (c) Exhibit List for Clerk. Each side must prepare a list of its exhibits for the courtroom deputy clerk and submit this list of exhibits to the courtroom deputy at the beginning of the trial. An additional binder of exhibits need not be prepared for the courtroom deputy clerk.

    G.    Motions in Limine.

Any motions in limine shall be filed at least seven days before the final pretrial conference, together with appropriate memoranda citing points and authorities. You may raise as many issues in a motion in limine as the case makes appropriate, but you may only file one motion. Oral motions in limine will be allowed only for good cause shown. Motions should identify the evidence at issue with specificity.

    H.    Depositions.

Federal Rule of Civil Procedure 26(a)(3)(B) and the scheduling order entered in this case pursuant to Federal Rule of Civil Procedure 16(b) shall govern any in-trial use of depositions other than for impeachment.

    SO ORDERED.

    ENTERED:   February 27, 2015

                                    /s/ Robert L. Miller, Jr.
                                Judge, United States District Court

# FINAL CIVIL JURY INSTRUCTIONS

1.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

[Seventh Circuit Civil Jury Instruction 1.01 (2010)]

2.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this

is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

[Seventh Circuit Civil Jury Instruction 1.27 (2010)]

3.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

[Seventh Circuit Federal Civil Jury Instruction 1.04 (2010)]

4.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences based on the evidence in the case.

[Seventh Circuit Civil Jury Instruction 1.11 (2010), modified]

5.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

[Seventh Circuit Civil Jury Instruction 1.12 (2010), modified]

6.

Certain things are not to be considered as evidence. I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my ruling that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the

evidence as you remember it differ from what the lawyers said, your memory is what counts.

[Seventh Circuit Civil Jury Instruction 1.06 (2010)]

7.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

[Seventh Circuit Civil Jury Instruction 1.13 (2010)]

8.

Upon retiring to the jury room, select one of your number as your presiding juror. The presiding juror will preside over your deliberations and be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read].

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

[Seventh Circuit Civil Jury Instruction 1.32 (2010), modified]

9.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

[Seventh Circuit Civil Jury Instruction 1.33 (2010)]

10.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to

believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.
[Seventh Circuit Civil Jury Instruction 1.34 (2010)]